908 F.2d 967
 53 Fair Empl.Prac.Cas. 1624
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sharon HORTON, Plaintiff-Appellant,
v.
DIXIE-NARCO, INC., a West Virginia Corporation, Dihanna R.
Vaught, Executrix of the Estate of James Vaught,
Randy Ashbaugh, Richard W. Bline,
Defendants-Appellees.
 No. 89-2212.
 United States Court of Appeals, Fourth Circuit.
 Argued May 11, 1990.
Decided July 5, 1990.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. William M. Kidd, District Judge. (CA-88-62-M-K).
 Joan L. Casale, Bowles, Rice, McDavid, Graff & Love, Martinsburg, W.Va., (argued), for appellant, Richard L. Douglas, Lacy I. Rice, Jr., Bowles, Rice, McDavid, Graff & Love, Martinsburg, W.Va., on brief.
 J. Stephen Poor, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., (argued), for appellees; David J. Rowland, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., on brief.
 N.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and Donald RUSSELL and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case involves an action for sex discrimination brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq. Sharon Horton in this appeal contends that the district court erred in granting summary judgment to Dixie-Narco, Inc., and to company officials (or their successors in interest) involved in her termination--Dihanna Vaught as executrix of the estate of James Vaught, Randy Ashbaugh, and Richard Bline. We affirm.
 
 
 2
 Dixie-Narco manufactures vending machines in Jefferson County, West Virginia. In 1986, its then-president resigned and formed a new vending machine company--Royal Vending, Inc. He located his manufacturing plant in the immediate vicinity of Dixie-Narco's plant. Due to the proximity of the Royal Vending plant, Dixie-Narco became concerned for the security of its trade secrets. It therefore formulated a policy, called the "Sensitive Information Policy" (SIP), and published it to its employees by direct distribution and by posting copies on the plant bulletin board. The written policy stated:
 
 
 3
 Certain information concerning Dixie-Narco's Products, Designs, Manufacturing Equipment, and Processes allows Dixie-Narco to maintain a competitive edge over its competitors. Information about these Products, Designs, Manufacturing Equipment and Processes, is considered "sensitive" in nature and should not be discussed outside the work place and should never be passed or communicated to Dixie-Narco's competitors and competitors' employees. Communicating information to Dixie-Narco's competitors would be harmful to Dixie-Narco's business and to those employees who depend on Dixie-Narco for their livelihood.
 
 
 4
 Therefore, Dixie-Narco will not hire or consider for employment any person who lives in the "Immediate Household" of another person employed by a competitor of Dixie-Narco. Also, Dixie-Narco will not continue the employment of any person who lives in the "Immediate Household" of a person employed by a competitor.
 
 
 5
 The appellant, Sharon Horton, had worked for Dixie-Narco for eleven years prior to the time of her discharge. For approximately five years prior to her discharge, she had cohabited with a fellow employee, Greg Mason. In January 1988, Mason resigned from Dixie-Narco and took a position with Royal Vending. Concerned about the potential SIP violation, Horton's supervisor, Randy Ashbaugh, and one of Dixie-Narco's managers, Richard Bline, conducted a series of meetings with Horton. Horton at first falsely represented that she and Mason had separated, but she later volunteered that she and Mason were in fact living together. After conferring with company president James Vaught, Bline advised Horton that they could not permit her to violate the policy. He gave her oral and written notice that she had two weeks to come into compliance with the SIP. At the end of the two weeks, Bline asked Horton whether her situation had changed. When she said no, he took her to Vaught's office. After a lengthy discourse, Vaught terminated Horton's employment. Dixie-Narco explained to Horton that they were more than satisfied with her job performance and that the only reason for terminating her employment was her cohabitation with Mason in violation of the SIP.
 
 
 6
 Horton filed sex discrimination charges with the Equal Employment Opportunity Commission which in due time issued a right-to-sue letter, and she brought this action in the United States District Court for the Northern District of West Virginia. Federal jurisdiction was predicated on a claim of sex discrimination in violation of 42 U.S.C. Sec. 2000e-2(a). Horton also brought state claims of wrongful discharge, breach of contract, intentional infliction of emotional distress, and breach of an implied covenant of good faith and fair dealing. Approximately a year later the district court granted the defendants' motion for summary judgment on the Title VII claim and dismissed without prejudice the pendent claims. Horton now appeals, asserting there were genuine issues of material fact as to whether Dixie-Narco had discriminated against her on the basis of sex.
 
 
 7
 McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-07 (1973), established a three-step process for developing a Title VII claim. The plaintiff must establish a prima facie case of discrimination. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action against the employee. If the employer does so, the burden shifts back to the plaintiff to show that the purported legitimate reason is pretextual and "in fact a coverup for a ... discriminatory decision." Id. at 805.
 
 
 8
 The district court found and appellees concede that Horton made out a prima facie case of sex discrimination.[1] Dixie-Narco then rebutted by asserting it had terminated Horton for violating its gender-neutral policy against cohabitation with an employee of Royal Vending. Horton urged that this reason was not legitimate, because her discharge was not based on her job performance or on any evidence that she in fact communicated sensitive information to a Royal Vending employee. Title VII, however, does not require employers to develop and enforce rational or wise policies. It only requires that whatever policies exist not be applied differentially on the basis of sex, race, or other impermissible basis. The inquiry therefore is whether the SIP was applied differently to women than to men.
 
 
 9
 The problem with Horton's case is that she simply alleges nothing that would show her discharge was due to sexual discrimination as opposed to enforcement of a legitimate company policy. There is no contention that Dixie-Narco treated men residing in the same household with male employees of Royal Vending differently than it treated Horton. Nor is there any allegation that Dixie-Narco afforded different treatment to women or men who resided in the same household with female employees of Royal Vending. Regardless of whether the fears of Dixie-Narco concerning its trade secrets were well-founded, regardless of the wisdom of the policy forbidding its employees from residing with employees of its close-by competitor, regardless of the harshness vel non of its action in discharging Horton for violating its policy, there are no facts at issue which, if proved true, would show that Horton's discharge was the result of sex discrimination.[2]
 
 
 10
 In view of the above, the judgment of the district court is affirmed.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 Horton is a member of a protected class; she was qualified for her job and her performance was satisfactory; in spite of her qualifications and performance, she was fired; the position remains open to similarly qualified applicants. See McDonnell Douglas, 411 U.S. at 802; Williams v. Cerberonics, Inc., 871 F.2d 452, 455 (4th Cir.1989)
 
 
 [2]
 In her complaint, Horton alleged that, during a period when Dixie-Narco thought she was dating Mason (but not co-habiting with him), it harassed her and tried to discourage her from seeing Mason. In contrast, Horton asserts, Dixie-Narco said nothing to three male employees who regularly socialized with Mason. On appeal, Horton argues that these allegations, if true, are sufficient to establish a claim of sex discrimination. But Horton did not make this argument in her opposition to summary judgment. The district court's opinion made no mention of these allegations, yet Horton made no motion for reconsideration or for modification of the judgment. Therefore, she has waived this argument. Liberles v. County of Cook, 709 F.2d 1122, 1126 (7th Cir.1983); see Charbonnages de France v. Smith, 597 F.2d 406, 416 n. 9 (4th Cir.1979)